# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-735V

| | |
|---|---|
| JOHN MASIERO,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 15, 2025 |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Sarah C. Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 18, 2023, John Masiero filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration after receiving a tetanus, diphtheria, and acellular pertussis vaccination on June 17, 2022. Petition, ECF No. 1. On June 25, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,118.88 (representing $42,528.30 in fees plus $3,590.58 in costs). Application for Fees and Costs ("Motion") filed August 5, 2025, ECF No. 37. Petitioner also filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 37-3.

Respondent reacted to the motion on August 8, 2024, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case and defers resolution of the amount to be awarded to my discretion. Respondent's Response to Response at 1-5, ECF No. 38. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein. And all time billed to the matter was reasonably incurred.

## ATTORNEY COSTS

Petitioner has requested a total of $3,580.62 in litigation costs. Such costs are associated with obtaining medical records, the Court's filing fee, postage costs and travel expenses. ECF No. 37-2. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of charges claimed for a luxury hotel.

Like attorney's fees, a request for reimbursement of costs must be *reasonable*. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that attorney Webb traveled from Memphis, Tennessee, to St Louis, Missouri, on December 9, 2022, for an in-person meeting with Petitioner. Mr. Webb stayed at The Four Seasons Hotel, at a rate of $410.00 per night, excluding taxes and fees. ECF No. 37-2 at 27-28. This nightly rate exceeds the federal government's daily lodging budget for a hotel stay in that area, which was most recently $150.00 per night in December of 2024.[3]

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, extravagant meals, and luxury hotels are not. Accordingly, I find the total amount claimed for the luxury hotel stay to be excessive and hereby apply a reduction of *fifty* percent as a fair adjustment to account for this issue. **Application of the foregoing reduces the total amount of costs to be awarded by $479.42.**[4]

---

[3] See GSA Per Diem Rates for at: https://www.gsa.gov/travel/plan-book/per-diem-rates.

[4] This amount is calculated as follows: $958.84 x 0.50% = $479.42.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$45,639.46 (representing $42,528.30 in fees plus $3,111.16 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.